**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| **JAMES A. CHEESMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 2:08-cv-281-WTL-WGH** |
| | ) | |
| **NEXSTAR BROADCASTING GROUP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ENTRY REGARDING MOTIONS IN LIMINE**

This cause is before the Court on the Plaintiff's Motion in Limine (Docket No. 49) and the Defendant's Motion in Limine (Docket No. 56). The motions are fully briefed, and the Court, being duly advised, **DENIES** the Plaintiff's motion and **GRANTS** the Defendant's motion for the reasons, and to the extent, set forth below.

The Plaintiff's Motion in Limine seeks an order prohibiting the introduction of evidence interpreting Nexstar's severance policy. Cheesman claims that Indiana's parol evidence rule bars extrinsic evidence to construe the policy.

According to the Indiana Supreme Court, the parol evidence rule applies "'[w]hen two parties have made a contract and have expressed it in a writing to which they have both assented *as the complete and accurate integration of that contract*.'" *Dicen v. New Sesco, Inc.*, 839 N.E.2d 684, 688 (Ind. 2005) (emphasis added) (quoting CORBIN ON CONTRACTS § 573 (2002)). In the instant case, the employee handbook, which contains the severance policy is not a complete integration of the parties' relationship. Indeed, the handbook even contains a disclaimer stating that "this handbook should not be considered all-inclusive." Resp. at 2.

Because the handbook is not a complete integration of the parties' contract the parol evidence rule does not apply.  Accordingly, the Plaintiff's motion is **DENIED**.

The Defendant's Motion in Limine seeks an order prohibiting introduction of two comments made by Nexstar employee Richard Haddox.  The Defendant claims that Haddox's comments[1] are completely irrelevant to Cheesman's age discrimination claim.

Haddox's second comment (the one made to Miller) is no longer an issue, as the parties have reached an agreement amongst themselves regarding its introduction.  As for Haddox's first comment inquiring about Cheesman's retirement plans, Cheesman intends to use this comment as circumstantial evidence of discrimination.  He asserts that, when combined with other circumstantial evidence, Haddox's seemingly benign statement will allow him to prove age discrimination via the direct method.  "'[B]efore seemingly stray workplace remarks will qualify as direct evidence of discrimination, the plaintiff must show that the remarks were related to the employment decision in question.'"  *Cianci v. Pettibone Corp.*, 152 F.3d 723, 727 (7th Cir. 1998) (quoting *Fuka v. Thompson Consumer Elecs.*, 82 F.3d 1397, 1403 (7th Cir. 1996)).  Stray remarks can lead to an inference of discrimination if they are: "(1) made by the decision maker, (2) around the time of the decision, and (3) in reference to the adverse employment action." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 491 (7th Cir. 2007).

In the instant case, Nexstar vigorously argues that Haddox was not a decision maker with respect to Cheesman's employment.  Although Haddox and Cheesman both ultimately reported to station manager Duane Lammers, Haddox had no authority over Cheesman.  In his deposition,

---

[1] The comments at issue are: (1) Haddox's inquiry as to when Cheesman intended to retire; and (2) Haddox's statement to Ron Miller, another Nexstar employee, that Haddox was "getting sick and tired of babysitting a 64-year-old man."

Bruce Yowell stated that Cheesman reported to him and he in turn reported to Duane Lammers. Haddox was in no way a part of Cheesman's chain of command and does not appear to have been a decision maker with respect to Cheesman's employment.  Absent introduction of evidence at trial showing that Haddox had decision-making authority over Cheesman, Haddox's inquiry about Cheesman's retirement plans should be excluded.  Accordingly, Defendant's motion is **GRANTED**.

SO ORDERED:   12/16/2009

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

William Louis Davis
Jackson Lewis, LLP
davisw@jacksonlewis.com

Robert Peter Kondras Jr.
Hunt Hassler & Lorenz LLP
kondras@huntlawfirm.net

Michael W. Padgett
Jackson Lewis, LLP
padgettm@jacksonlewis.com